IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BARBARA SPEARS, | § § § § § § § § § § | |
| PLAINTIFF, | | |
| VS. | | CASE NO. 1:19-cv-00410 |
| ALLSTATE INSURANCE COMPANY, | | |
| DEFENDANT. | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company (hereinafter "Allstate" or "Defendant"). Allstate is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] at the expense of the United States.[4] Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. Allstate respectfully shows as follows:

On or about August 9, 2019, Plaintiff, Barbara Spears, filed a lawsuit in the 163rd Judicial District Court of Orange County, Texas, entitled "*Barbara Spears v. Allstate Insurance Company*," bearing cause number B190302-C.  An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule CV-81 is attached as Exhibit A.  In support of removal and jurisdiction in this Honorable Court, Allstate respectfully represents as follows:

---

[1] *See* 42 U.S.C. '4001 *et seq*.
[2] 44 C.F.R. '62.23(f).
[3] 42 U.S.C. '4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[4] *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

A.  **REVIEW OF PLAINTIFF'S COMPLAINT**

In their Petition, Plaintiffs allege the following:

- Throughout her petition, Allstate Insurance Company is named as Defendant.

- Plaintiff asserts that Allstate issued an insurance policy that includes flood coverage. (Ex. B, ¶ V); *see also* (Ex. D) (Allstate Declaration Page).

- Plaintiff asserts that Hurricane Harvey damaged Plaintiff's insured residence, that Plaintiff made a claim for the asserted damages and that Allstate has "failed to indemnify and compensate Plaintiff for her costs of repair." (Ex. B, ¶ V).

- Plaintiff demands "all costs of repair and damages to their residence caused by Hurricane Harvey." (*Id.*, ¶ VI).

- Plaintiff asserts that Allstate misrepresented the terms of Plaintiff's policy. (*Id.*, ¶ VI(1)).

- Plaintiff demands "necessary costs of repair caused by Hurricane Harvey…." (*Id.*, ¶ VII).

- In the "Prayer" of Plaintiff's Petition, Plaintiff demands damages under the flood policy that Plaintiff has expressly put at issue in her lawsuit. (*Id.*, at Prayer).

There is no question that the Plaintiff sued Allstate as a result of the denial of her NFIP SFIP flood claim for "flood" damages to Plaintiff's residence caused by Hurricane Harvey.

B.  **THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred rule-making power upon the agency created for carrying out its policy,

specifically the Federal Emergency Management Agency ("FEMA"). 42 U.S.C. § 4011(a). Further, the FEMA Administrator is charged with providing by federal regulation for the "general terms and conditions of insurability" applicable to all flood insurance policies issued under authority of the NFIP.

Allstate, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the *Arrangement* between itself and FEMA, set forth at https://www.fema.gov/media-library/assets/documents/17972. *See* 44 C.F.R. § 62.23 ("WYO Companies authorized").

Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A (1), Art. VII (D).

Further, Allstate has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. § 62.23.

Allstate's role, as a WYO Program carrier and as set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a) (1).

All flood claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by the *Arrangement*, Art. III (D) (1) (2) & (3). The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955 (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of

FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001).

Effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including Allstate. In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised *Arrangement*, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

*Arrangement*, art. I.

The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

    C.      **FEDERAL JURISDICTION**

        (1).      **42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Allstate is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). As Plaintiff is demanding additional recovery against Allstate for alleged damages resulting from Hurricane Harvey flooding, jurisdiction in this Court is "exclusive" per 42 U.S.C. § 4072.

        (2).      **28 U.S.C. § 1331 – Federal Question Jurisdiction**

The SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A (1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and federal common law." 44 C.F.R. Pt. 61, App. A (1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP itself to determine whether the damages alleged fall within coverage of the SFIP--a federal regulation. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

The determination as to whether Allstate failed to pay the Plaintiff what is owed under the flood insurance policy, whether Allstate failed to properly adjust the Plaintiff's flood insurance claim and whether Allstate properly administered Plaintiff's SFIP is a federal question as Plaintiffs' SFIP is itself a federal regulation. Further, any interpretation of the rules and regulations of the NFIP will require the Court to determine whether Allstate, as a WYO Program carrier, followed the federal requirements under the NFIA and require the Court to review and interpret the applicable rules and regulations governing the WYO Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA which will involve several substantial federal questions.

Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is, therefore, also removable pursuant to 28 U.S.C. § 1441(a) and (c).

Plaintiffs' Petition clearly asserts that there was a valid enforceable NFIP flood insurance contract between Allstate and Plaintiff. (*See, e.g.*, Ex. B, ¶V). Clearly, Plaintiff made a claim for flood damages and is seeking the enforcement of the NFIP SFIP contract, *i.e.*, breach of contract as Plaintiffs expressly assert that Allstate "failed to indemnify and compensate Plaintiff for her costs of repair."(*Id.*). As such, the payment that the Plaintiff seeks from Allstate would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt. 62, App. A, Art. II (F).

Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. §1441(a) and (c), Allstate asserts that there are multiple federal questions presented within the Plaintiff's Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

### 3. Federal Funds Are At Stake

Plaintiff's Original Petition alleges that Allstate is liable for denying coverage and denying indemnification under the policy for Plaintiffs' alleged damages.

Allstate is appearing in this litigation in its capacity as a WYO flood insurance carrier pursuant to the *Arrangement* between itself and FEMA as the flood policy was issues by Allstate in such capacity in accord with the NFIP. The question of whether Allstate or the Government would pay any resulting judgment, whether under state or federal law, is determined by the text of the *Arrangement* between Allstate and the Government. That *Arrangement* is found at https://www.fema.gov/media-library/assets/documents/17972.

FEMA promulgated the *Arrangement* based upon its congressionally authorized responsibilities. Article I of the *Arrangement*, states the following:

Article I – Findings, Purpose, and Authority

Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a

fiduciary capacity utilizing Federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies= activities when selling or administering the Standard Flood Insurance Policies; and

Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question.

These two paragraphs expressly explain two things: First, FEMA is communicating that "federal funds" are indeed utilized to both "sell and administer" NFIP policies by the WYO Program carriers; second, all litigation arising from these operations, in FEMA's view, states a federal question.

Now turning to Article III (D) of the *Arrangement*, it is clear that all loss payments under policies are to be paid for under the *Arrangement*. While Article III (D) (1) concerns loss payments under policies, Article III (D) (2) separately governs "payments as a result of litigation that arises under the scope of this *Arrangement*." Obviously, in an operation this complex, there will be litigation arising from the innumerable activities regarding policy issuance and policy administration. Just as obviously, policy issuance and administration activities come within the scope of the *Arrangement*, for in Article II they are expressly made part of the scope of the *Arrangement*. Article III (D) (2) confirms expressly that judgments emanating from lawsuits (such as the one at bar) will be paid for by the Government under the *Arrangement*.

In addition the U.S. Fifth Circuit has recognized that extra-contractual claims against a WYO would be paid by FEMA stating: "As the regulations do not define the type of conduct that falls significantly outside the scope of the arrangement, the ultimate decision whether Allstate will be reimbursed rests with FEMA." *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394 n.9 (5th Cir. 2007).

The Plaintiff has not alleged and cannot decide for herself that Allstate's actions are significantly outside the scope of the *Arrangement*, thus, the logical conclusion is that federal funds are at risk. More fundamentally, there is no indication or allegation that the FEMA OGC has determined that Allstate's actions in this matter are outside the scope of the *Arrangement* such that Allstate would bear the burden of a damage award in this case. Thus, clearly, federal funds *are* at risk, Plaintiff's claims raise a federal question, and therefore removal of this matter to the United States District Court for the Eastern District of Texas is proper.

      **4.    Legal Presumption under *Grissom* that Federal Funds at Stake**

Defendant, Allstate, respectfully apprises this Honorable Court of a decision of the Fifth Circuit announced April 23, 2012, in *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397 (5th Cir. 2012). Under *Grissom*, it is now established and binding Fifth Circuit precedent and legally presumed that the claims in this case are being litigated at the full expense and exposure of the United States Treasury.

    **D.    FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE.**

Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like § 1442, § 1337 is not subject to the well-pleaded-complaint rule. Under § 1337, removal is proper where the facts alleged in the Plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros.*

*Steamship Co.*, 134 F.Supp.704, 706 (S.D. Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that 'specifically relates to the business of insurance.' 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that '[t]he word 'relates' is highly general.' *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988, Inc. v. Aetna Cas.y & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004).

Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as Athe conditions of insurability. *See, e.g.*, 42 U.S.C. §§ 4013, 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiffs' Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. § 1337.

  **E. SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.**

To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

All of the claims put at issue in the Plaintiff's Petition arise from the damages that she allegedly sustained as a result of her efforts to recover flood benefits for the damages at issue under the flood policy at issue as a result of a loss from Hurricane Harvey. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g*., *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

### F. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

Allstate notes that its first knowledge or notice of the suit was on August 21, 2019, a copy of which is attached hereto as part of Exhibit B.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Allstate to date.

A certified copy of all documents on file with the state court is attached as Exhibit C.

### CONCLUSION

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: September 9, 2019          Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: /s/ *Bradley K. Jones*
     Douglas D. D'Arche
     State Bar No. 00793582
     Federal ID No. 19437
     Bradley K. Jones
     State Bar No. 24060041
     Federal ID No. 931122
     Ryan A. Walton
     State Bar No. 24105086
     Federal ID. No. 3278426
     811 Main St., Suite 1100
     Houston, Texas 77002
     Telephone: (713) 751-1600
     Facsimile: (713) 751-1717
     Email: ddarche@bakerlaw.com;
     bkjones@bakerlaw.com;
     rwalton@bakerlaw.com

AND

**NIELSEN & TREAS, LLC**
Sherri L. Hutton
USDC SDTX #1321898
LA State Bar #28369
Joseph J. Aguda, Jr.
USDC SDTX #559583
LA State Bar #27762
3838 North Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: 504-837-2500; F: 504-832-9165
Email: shutton@nt-lawfirm.com
jaguda@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, ALLSTATE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 9th day of September, 2019 a copy of the foregoing was served upon all counsel of record in a manner authorized by the Federal Rules of Civil Procedure.

                                        */s/ Bradley K. Jones*
                                        Bradley K. Jones